JAMES W. SWAYNE, COUNTY ATTORNEY, v. BEN M. TERRELL ET AL.

Decided December 17, 1898.

**Fees of District and County Attorneys.**

The provisions of the Act of 1897, chapter 103, section 9, for a division of the fees between the district and county attorney who instituted a suit and his successor in office at its termination, is retrospective and applies to then pending suits.

APPEAL from Tarrant.    Tried below before Hon. IRBY DUNKLIN.

*James W. Swayne,* pro se.

*Williams & Bailey* and *Ball & Tempel,* for appellees.

TARLTON, CHIEF JUSTICE.—On May 8, 1896, Ben M. Terrell, then the county attorney of Tarrant County, in discharge of his duties as such officer, filed a petition in the District Court of Tarrant County in the name of the State of Texas as plaintiff against H. Hardcastle and Lizzie Holbert as defendants.    The purpose of the suit was to collect certain delinquent taxes alleged to be due by the defendants for the year 1890 on certain realty in the city of Fort Worth.    Citation was served upon Hardcastle, but not upon Holbert, who could not be found, and hence the case was continued for service.

On November 16, 1896, Terrell's term as county attorney expired.    He was succeeded by James W. Swayne, the present incumbent of that office. The foregoing cause was yet pending, and was continued from term to term until December 17, 1897, when the county attorney, Mr. Swayne, filed an amended petition therein making J. F. Moore an additional party to the suit, and alleging that the latter was the owner of the property on which the delinquent taxes had accrued.

Citation upon this amended petition having been served upon Hardcastle and Moore, these defendants paid the taxes sued for, with all costs, including the sum of $5, which was paid as attorney's fees, and over which this controversy arises. The money was paid into the hands of R. H. McNatt, the clerk of the District Court of Tarrant County, and Swayne, claiming that the entire sum of $5 was due him for his services as county attorney in prosecuting the suit and in making the collection, filed this motion in the tax suit to enforce his demand of McNatt that the latter should deliver this sum to him.

Terrell by intervention asserted his claim to one-half the fee, by virtue of his services in instituting the suit and prosecuting it to the end of his term. On the trial of the motion the court directed that the clerk pay to the appellant Swayne the sum of $1, to the appellee Terrell the sum of $1, and that the remainder of the fee, $3, should be returned to the party who had paid the money into the court. The appellant Swayne complains of this judgment, on the ground that he is entitled to the entire sum.

The Act of 1895 with reference to the collection of taxes under the circumstances here presented, and in force at the time of the institution of the tax suit, provides: "The county attorney shall represent the State and county in all suits against delinquent taxpayers that are provided for in this act. In litigated cases additional counsel may be retained by the commissioners court, if they deem it necessary to do so, but in no case shall the compensation for said county attorney be greater than $5 for the first tract in one suit and $1 for each additional tract, if more than one tract is embraced in the same suit, to recover taxes, interest and costs."

This Act of 1895 was amended by the Act of 1897, which was in force when the suit was determined. The amended act on this subject reads as follows: "The county attorney or district attorney, in counties where there is no county attorney, shall represent the State and county in all suits against delinquent taxpayers that are provided for in this chapter. In no case shall the compensation for said county attorney be greater than $3 for the first tract in one suit and $1 for each additional tract, if more than one tract is embraced in the same suit, to recover taxes, interest, penalty, and costs. Provided, that those county attorneys who may have heretofore or may hereafter institute said suits shall be entitled to an equal division with their successor in office for the fees allowed herein, on all suits instituted by them, where the judgment has not been obtained prior to the vacation of their office; and provided further, * * * that where suits have been brought * * * to recover taxes due to the State and county, the said delinquent may pay the amount of the tax, interest, penalties, and all accrued costs to the county collector during the pendency of such suit, and the county attorney shall receive as compensation therefor $2 for the first tract and $1 for each additional tract embraced in said suit."

It is claimed by the appellant that the judgment of the court awarding the disposition of this attorney's fee under the Act of 1897 gave the statute a retroactive application, and was hence erroneous. We agree with the trial court in overruling this contention.

We think that the language of the Act of 1897 indicates the legislative intention to dispose of the attorney's fees in the manner therein indicated with reference to suits determined while that act was in force. The act by its terms repeals all former legislation inconsistent with its provisions. It prescribes a division of the fee with the county attorney who may theretofore have instituted the character of suits to which it refers. The appellee Terrell comes within the purview of its provisions. The Act of 1895 was no longer in force.

The question with which the Legislature dealt was one of unearned official fees. These we think it had the power, exerted in this instance, to diminish and distribute as seemed to it to be just. It was not retroactive legislation, within the sense of the Constitution. It only prescribed a method by which the compensation due the county attorney performing services should be awarded and distributed.

We think that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.